## Zeller v. Pennsylvania Turnpike Commission

*Shirk & Shirk*, for appellant.

*John L. Hamaker*, contra.

SCHAEFFER, P. J., January 15, 1954.—This is a rule to show cause why the court should not permit a review by viewers in a proceeding under the Act of May

16, 1940, P. L. 949 (Special Session, 1941), known as the Pennsylvania Turnpike Extension Act. Exceptions have been filed to the viewers' report.

On January 29, 1953, plaintiff presented his petition for the appointment of viewers under the above act setting forth that by agreement dated December 10, 1946, duly recorded, he purchased the right to cut and remove certain standing timber on the farm then owned by Charles E. May and Mabel F. May, his wife, containing 162 acres in Clay Township, Lancaster County, Pa. The agreement also provided for a right-of-way to plaintiff to cut and remove the timber and the use of one acre of land to erect and operate a sawmill thereon. The term of the agreement was for 15 years, until December 10, 1961.

On or about August 30, 1948, defendant condemned the farm, then owned by Irvin K. Hammer, for turnpike purposes, which resulted in cutting off for plaintiff his access from a township road to the 80 acres of standing timber referred to.

Viewers were appointed by the court who viewed the premises, took testimony, of which there is no record, and filed their report on July 22, 1953, awarding to plaintiff $18,250. damages. On August 18, 1953, defendant filed exceptions to this report and on October 3, 1953, defendant filed a petition for a re-view to which an answer was filed.

It is alleged that the status has changed with reference to the right-of-way since the report of the viewers was filed. It is set forth in the petition for a re-view that plaintiff did not own any land taken by the Turnpike Commission; that the construction of the turnpike required defendant to remove the right-of-way into the timber land, which prevented plaintiff from removing the timber which he had purchased before the land was condemned or appropriated for turnpike purposes.

It is further alleged by defendant in its petition that it has condemned land since for the purpose of a right-of-way from a public highway to the timber land in question which could be used by plaintiff, although it involves the building of a suitable road for that purpose.

The exceptions filed to the report of viewers by the Pennsylvania Turnpike Commission, defendant, relate to the alleged excessive amount of damages, the measure of damages applied by the viewers and the award of the viewers not being substantiated by the evidence.

Objection to the amount of an award or to excessive damages may not be raised by exceptions to the viewers' report, but by appeal to the court of common pleas. In Roselli's Appeal, 54 D. & C. 50, it was decided that parties who believe themselves aggrieved by a viewers' award in a condemnation proceeding have two available remedies; they may except to the report of the viewers and they may appeal from the report and have the matter tried de novo by a common pleas jury; irregularities in the proceedings may be attacked by exceptions while the question of the amount of damages awarded is subject to an appeal. In Garthwaite v. Turnpike Commission, 5 Chester 179 (1952), it was decided that objection to the amount of an award made by a jury of view may not be raised by exceptions to the report. On exceptions only questions of law are properly considered.

Section 9 of the Pennsylvania Turnpike Extension Act of May 16, 1940, P. L. 949, supra, provides, inter alia, as follows:

"Within thirty days after the filing of the report in the court the commission, acting through the Department of Justice, or any person interested may file exceptions thereto. Whereupon the court shall either confirm the report absolutely, or modify it, or refer

it back to the same or to any viewers with like powers and duties of the former viewers. Within thirty days after the final action on the report by the court the commission, acting through the Department of Justice, or any person interested may demand a trial by jury."

The above provision is practically a reënactment of the pertinent portion of section 6 of the Pennsylvania Turnpike Act of May 21, 1937, P. L. 774.

In Pennsylvania Turnpike Commission Condemnation of Land of George Hrabak et al., 24 Westmoreland 107, exceptions were filed to the viewers' report on December 6, 1940. On March 17, 1941, the exceptions were overruled by the court. On April 26, 1941, or more than 30 days thereafter, plaintiff appealed from the order dismissing the exceptions and demanded a jury trial. The court in its opinion said:

"Section 6 of the Turnpike Act of 1937, P. L. 774, clearly and unequivocally limits the time for an appeal and demand for jury trial to thirty days from the confirmation of viewers' report."

In the instant case the exceptions to the viewers' report are pending and the viewers' report has not been confirmed absolutely. Accordingly, defendant may appeal and demand a trial by jury within 30 days after confirmation or final action on the viewers' report by the court.

The applicable measure of damages need not be determined at this stage of the proceedings. Such action properly arises at the trial of the case if an appeal is taken within the statutory period.

And now, January 15, 1954, the exceptions to the report of the viewers filed by defendant on August 18, 1953, are dismissed and the report of the viewers is confirmed absolutely. Defendant's petition for a review is refused and the rule granted thereon is discharged.